**SO ORDERED.**

**SIGNED this 07 day of February, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOHN DOE,                                              CASE NO. 03-04291-5-JRL

   DEBTOR.                                              CHAPTER 13

**AMENDED ORDER**

This matter came before the court on the debtor's motion to reopen and motion to dismiss the case *ab initio*. A hearing took place in Raleigh, North Carolina on January 5, 2012.

On November 26, 2003, Kenneth Jones ("Jones") filed a bankruptcy petition on behalf of his minor nephew, John Doe, pursuant to chapter 13 of the Bankruptcy Code.[1] Because the chapter 13 trustee could find no record of any court appointing Jones as the debtor's guardian, he moved the court for the appointment of a guardian *ad litem* pursuant to Rule 1004.1 of the Federal Rules of Bankruptcy Procedure. However, on August 19, 2004, prior to a hearing on the motion to appoint a guardian *ad litem*, the case was dismissed for failure to make plan payments. Therefore, the issue was never resolved, and no guardian was ever appointed. The debtor now

---

[1] John Doe was born on November 2, 1987. Because the debtor was a minor at the time of the filing, his name has been redacted pursuant to Rule 9037 of the Federal Rules of Bankruptcy Procedure.

contends that the bankruptcy petition was improperly filed, because Jones did not qualify as his guardian or representative as defined by Rule 1004.1.  Furthermore, he claims that his adult life has been detrimentally affected by the bankruptcy case.  For these reasons, the debtor moves the court to reopen his bankruptcy case and dismiss it *ab initio*.

Based on the record and the proffers made at the hearing by debtor's counsel and the trustee, the court finds that there is substantial evidence that this petition was filed in a way that did not comply with Rule 1004.1.  More specifically, the court finds it likely that Jones was never appointed guardian of the debtor by any court.  Despite the trustee's request for evidence that Jones was actually the debtor's guardian, no such evidence was ever produced.[2]  Although the trustee then formally raised the issue by motion, the case was dismissed before the issue was resolved.  Furthermore, based on the proffers at the hearing, the court finds that the record of this case has created severe hardship for the debtor in obtaining loans and other credit.

Section 350(b) of the Bankruptcy Code provides that a bankruptcy court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  Reopening a closed case is within the court's discretion.  Hawkins v. Landmark Fin. Co. (In re Hawkins), 727 F.2d 324, 326 (4th Cir. 1984).  To reopen a case, the party moving bears the burden of proof.  In re Lee, 356 B.R. 177, 180 (Bankr. N.D. W.Va. 2006) (citing In re Cloniger, 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997)).  Based on the facts of this case, the court finds that the debtor has sufficiently established that cause exists and that the case must be reopened to accord relief to the debtor.

---

[2] The trustee noted in his motion that he "has requested, through Debtor's counsel, that Mr. Jones take the action necessary to become appointed as the Debtor's guardian, but Mr. Jones has failed to take such action."

Section 107(c)(1) of the Bankruptcy Code provides exceptions to the public access rule:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
> (A) Any means of identification (as defined in section 1028(d) of title 18)[3] contained in a paper filed, or to be filed, in a case under this title.
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). The court finds that by continuing to harm the debtor's credit, the record of the improperly filed bankruptcy case creates an undue risk of unlawful injury to the debtor and his property, and therefore, § 107(c)(1) protection is warranted. However, the court does not find dismissing the case *ab initio* to be the most practical or appropriate remedy in this case, as such action would call into question the fees paid and distributions made.[4] Given the specific facts and harm suffered in this case, the court finds expunction of the record to be the more appropriate remedy.[5]

---

[3] Section 1028(d)(7) of Title 18 provides:
[T]he term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
   (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
   (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
   (C) unique electronic identification number, address, or routing code; or
   (D) telecommunication identifying information or access device[.]
18 U.S.C. § 1028(d)(7).

[4] Overall, there was $1,500.00 paid to the trustee on behalf of the debtor. Of that amount, $900.00 was paid to the debtor's attorney, $120.00 was paid to the trustee for compensation and expenses, and $480.00 was disbursed to the only creditor that filed a claim in the case.

[5] The court acknowledges that § 107(d)(2)–(3) provides for access to the information protected by § 107(c)(1) in the following instances:
   (2) Upon ex parte application demonstrating cause, the court shall provide access

Based on the foregoing, the debtor's motion to reopen is **ALLOWED**, and the debtor's motion to dismiss the case *ab initio* is **DENIED**. The clerk is hereby **ORDERED** to remove all references to the filing from the electronic record, while sustaining a hard copy of the record, including this order, in a sealed file.

**END OF DOCUMENT**

---

to information protected pursuant to paragraph (1) to an entity acting pursuant to the police or regulatory power of a domestic governmental unit.
   (3) The United States trustee, bankruptcy administrator, trustee, and any auditor serving under section 586(f) of title 28—
    (A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and
    (B) shall not disclose information specifically protected by the court under this title.
11 U.S.C. § 107(d)(2)–(3). However, in this case, the information was never sealed and has been freely accessible from the time the petition was originally filed. Therefore, these provisions of § 107(d) are not implicated.